UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL MINDEN and THERESA MINDEN,<br><br>    Plaintiffs<br><br>v.<br><br>ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>    Defendant | Case No.: 2:21-cv-00151-APG-BNW<br><br>**Order Granting in Part Defendant's Motion to Dismiss**<br><br>[ECF No. 16] |

  Plaintiffs Michael and Theresa Minden own a home in Henderson, Nevada that was insured through a policy issued by defendant Allstate Property and Casualty Insurance Company. In September 2019, several roof tiles were cracked following a storm. The Mindens and Allstate disputed the cause of the broken roof tiles, damage to the roof's underlying felt, and water intrusion damage. The Mindens thus filed this lawsuit against Allstate, asserting claims for declaratory relief, breach of contract, tortious and contractual breach of the covenant of good faith and fair dealing, and specific performance.

  Allstate moves to dismiss all but the breach of contract claim. The parties are familiar with the facts, and I repeat them here only as necessary to resolve the motion. I grant Allstate's motion to dismiss the claims for declaratory relief, contractual breach of the covenant of good faith and fair dealing, and specific performance. I deny Allstate's motion to dismiss the tortious breach of the covenant of good faith and fair dealing (bad faith) claim. I grant the plaintiffs leave to amend consistent with this order, if facts exist to do so.

/ / / /

/ / / /

# I. ANALYSIS

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

## A. Declaratory Relief

Count one of the amended complaint alleges that the plaintiffs and Allstate "dispute the extent of coverage pursuant to the Policy, and whether the Policy covers property damages caused by severe winds." ECF No. 11 at 6-7. The plaintiffs thus "seek declaratory relief to establish that wind was the underlying cause of all property damage in this matter" and that "the Policy does, in fact, cover real property damages caused by wind." *Id.* at 7.

Allstate contends that the declaratory relief claim is duplicative of the breach of the contract and bad faith claims and that the claim improperly seeks retrospective relief. The plaintiffs respond that the declaratory relief claim is not duplicative because it seeks to determine the parties' rights under the policy regarding the extent of the policy's coverage for sudden wind events and whether that extends to the underlying felt or just the broken tiles.

The "declaratory relief statute should not be used for the purpose of anticipating and determining an issue which can be determined in the main action, but is instead most appropriate when it would be beneficial to make an early determination of coverage under the policy." *Rosas*

*v. GEICO Cas. Co.*, 365 F. Supp. 3d 1123, 1127 (D. Nev. 2019) (quotation omitted). Declaratory relief claims that are duplicative of a plaintiff's other claims are subject to dismissal. *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

The parties do not appear to dispute that the policy is valid. And although the plaintiffs contend Allstate denies the policy covers wind damage, they allege that Allstate agreed to cover wind damage to the roof tiles. ECF No. 11 at 3 (alleging that Allstate's claims adjuster "denied coverage of the damage to the underlying felt and requested an estimate of the repair costs only for those broken tiles that a roofer could support happened during a one-time storm occurrence" (emphasis omitted)). The plaintiffs do not identify a purpose that the declaratory relief claim serves that will not be resolved by the breach of contract claim. The breach of contract claim is based on Allstate's alleged refusal to cover damage to all the broken roof tiles, the underlying felt, and to the home's interior. The breach of contract claim thus will resolve the cause and extent of the damages covered under the policy.

I therefore grant Allstate's motion to dismiss this claim. Because it is not clear that amendment would be futile, I grant the plaintiffs leave to amend. *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102-03 (9th Cir. 2018) ("Leave to amend can and should generally be given, even in the absence of such a request by the party," so long as amendment would not be futile).

**B. Tortious Bad Faith**

Count three of the amended complaint alleges that Allstate tortiously breached the covenant of good faith and fair dealing because it knew there was no reasonable basis for its decision not to fully cover the damage where the plaintiffs provided two expert reports that the roof damage was caused by wind. ECF No. 11 at 8-9. Count three also alleges that Allstate

3

refused to replace the roofing tiles and allowed the approved temporary tarp to deteriorate, resulting in further damage to the home's interior. *Id.* at 9.

Allstate asserts this claim fails because the allegations do not show Allstate had no reasonable basis for its valuation or that it knew it lacked a reasonable basis. Allstate this is nothing but a genuine dispute over causation and valuation. The plaintiffs respond that Allstate owes a duty of good faith to its insureds and Allstate breached the covenant when the plaintiffs provided two reports showing that all the damages should be covered under the policy. The plaintiffs contend that Allstate's mere assertion that its decisions were reasonable is insufficient to defeat the bad faith claim.

Under Nevada law, an insurer breaches the duty of good faith when it refuses "without proper cause to compensate its insured for a loss covered by the policy." *U.S. Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975). An insurer is without proper cause to deny a claim when it has an "actual or implied awareness" that no reasonable basis exists to deny the claim. *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354 (Nev. 1986). An unreasonable delay in payment can also constitute bad faith. *Guar. Nat'l Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996) ("[T]his court has addressed an insurer's breach of the implied covenant of good faith and fair dealing as the unreasonable denial or delay in payment of a valid claim."). However, an "insurer does not act in bad faith merely because it disagrees with the claimant's estimation of his injuries or delays paying out benefits until it receives relevant documents or expert opinions." *Igartua v. Mid-Century Ins. Co.*, 262 F. Supp. 3d 1050, 1053-55 (D. Nev. 2017) (holding the insurer acted reasonably in handling an insured's claim, despite delaying payment several years, because there was a reasonable dispute about the extent of the insured's injuries and whether those injuries were caused by the accident).

The amended complaint sufficiently alleges that Allstate acted with an actual or implied awareness that there was no reasonable basis supporting its decision. The amended complaint alleges that despite being provided with two causation opinions by separate roofing companies, Allstate agreed to cover only a select number of broken tiles based on its claims adjuster's opinion that the damage to most of the roof was caused by normal wear and tear or by improper installation of the roof tiles. ECF No. 11 at 3-4. According to the amended complaint, the plaintiffs then secured yet another opinion by one of the roofing companies, which rejected the conclusion that the damage was caused by improper installation. *Id.* at 4. Allstate nevertheless denied further coverage. *Id.*

According to the amended complaint, on June 17, 2020, Allstate sent the plaintiffs' counsel "an estimate for the approved coverage which, upon information and belief, was prepared on November 21, 2019." *Id.* at 5. The difference between Allstate's estimate and the plaintiffs' roofer's estimate was over $100,000. *Id.* The plaintiffs have thus alleged that in the face of three causation opinions following inspections by two different roofers, Allstate nevertheless limited coverage to a select number of tiles based on its own opinion that wear and tear and improper installation caused the damages. The allegations plausibly state a claim that Allstate denied full coverage with actual knowledge that the cause of all the damage was wind and thus covered by the policy.

Although Allstate contends that it is implicit in the allegations that Allstate was relying on its own expert's conclusions, that is not alleged in the amended complaint. The amended complaint references "an estimate for the approved coverage," not a causation opinion. *Id.* at 5. And although the amended complaint references a subsequent inspection on June 30, 2020 by Allstate's expert, Allstate had already twice denied full coverage before this inspection. *Id.*

The amended complaint also alleges that Allstate repeatedly refused the plaintiffs' requests to provide a new tarp when the approved temporary tarp deteriorated. *Id.* at 6. It is reasonable to infer from this allegation that Allstate knew the tarp had deteriorated, that Allstate refused multiple requests for a new tarp even though it had approved the initial tarp, and that it had no reasonable basis for refusing to prevent further damage to the home's interior. There are no allegations or even inferences that Allstate relied on an expert opinion that no new tarp was needed when it denied these requests. I therefore deny Allstate's motion to dismiss the tortious bad faith claim.

### C. Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing

Count four of the amended complaint alleges that Allstate breached the contractual covenant of good faith and fair dealing by "failing to honor" the policy's terms and by subsequently failing to mitigate damages "by refusing to replace the roofing tiles and allowing the underlying tarp to deteriorate." *Id.* at 10.

Allstate argues the contractual bad faith claim fails because it relies on the same conduct as the breach of contract claim. The plaintiffs respond that the breach of contract claim is based on Allstate's refusal to compensate them for the full extent of the initial damage, while the contractual breach of the covenant claim is based on Allstate failing to make the necessary repairs and allowing the temporary tarp to deteriorate, which caused further damage to the home.

A "claim alleging breach of the implied covenants of good faith and fair dealing cannot be based on the same conduct establishing a separately pled breach of contract claim." *Jimenez v. GEICO Gen. Ins. Co.*, 448 F. Supp. 3d 1108, 1113 (D. Nev. 2020) (quotation omitted). The breach of contract claim in count two alleges that Allstate breached the contract by initially denying coverage, and also by failing "to mitigate damages by refusing to replace the roofing

6

tiles and allowing the underlying tarp to deteriorate, which resulted in water, debris, and sand to damage the interior" of the home. ECF No. 11 at 7. The contractual breach of the covenant claim thus is based on the same allegations as the breach of contract claim.

Although the plaintiffs potentially could plead this claim in the alternative if some of Allstate's alleged conduct does not breach the contract, the plaintiffs have not alleged or argued that this claim is pleaded in the alternative. I therefore grant Allstate's motion to dismiss this claim, with leave to amend if facts exist to do so.

### D. Specific Performance

Count five of the amended complaint alleges that specific performance may be needed as a remedy because damages may be inadequate where the matter involves real property. *Id.* at 10-11. Count five thus seeks an order compelling Allstate to specifically perform any necessary repairs should damages prove inadequate. *Id.* at 11. Allstate moves to dismiss the request for specific performance because it is a remedy, not a claim, and because payment of the policy benefits is adequate to remedy the plaintiffs' claims.

"Specific performance is available when the terms of the contract are definite and certain, the remedy at law is inadequate, the plaintiff has tendered performance and the court is willing to order it." *Stoltz v. Grimm*, 689 P.2d 927, 930 (Nev. 1984) (quotation omitted). Nevada courts most often address specific performance in the context of the sale of real property, because real property is unique and money damages therefore may not be adequate to compensate for the loss of the property. *See, e.g., id.*

Although this case involves real property, it does not involve the sale of it and no facts are alleged to support specific performance. The plaintiffs have not plausibly alleged why money damages will not be adequate to address the damage to their house. I therefore grant

7

Allstate's motion to dismiss the request for specific performance, with leave to amend if facts exist to do so.

## II. CONCLUSION

I THEREFORE ORDER that defendant Allstate Property and Casualty Insurance Company's motion to dismiss **(ECF No. 16) is GRANTED in part**.

I FURTHER ORDER that plaintiffs Michael and Theresa Minden may file a second amended complaint by **February 18, 2022**, if facts exist to do so.  If the plaintiffs do not file a second amended complaint by that date, the case will proceed on the breach of contract and bad faith claims in counts two and three of the amended complaint (ECF No. 11).

DATED this 22nd day of January, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE