UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL MINDEN, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> ALLSTATE PROPERTY and CASUALTY INSURANCE COMPANY, <br><br> Defendant. | Case No. 2:21-cv-00151-APG-BNW <br><br> **ORDER ON MOTION TO AMEND DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS** |

Before the Court is Defendant's Amended Motion to Amend Defendant's Response to Plaintiffs' First Set of Requests for Admissions. ECF No. 59. Plaintiffs filed a response in opposition, ECF No. 61, to which Defendant replied, ECF No. 71. The parties also filed Supplements designating relevant portions of Merritt's deposition. ECF No. 90, 91.

**I. Background**

Allstate moves to amend its responses to two of the Plaintiffs' First Set of Requests for Admission. In response to Plaintiffs' Requests for Admission Nos. 1 and 2 (Set One), Allstate admitted that it hired J&J Contracting to inspect the Mindens' property on November 20, 2019 and subsequently in late January/early February of 2020. However, the depositions of two key witnesses, since those admissions, have called into question their factual accuracy. Defendant now moves to withdraw or amend the admissions.

**II. Legal Standard**

Under Fed. R. Civ. P. 36(b), courts have discretion to permit withdrawal or amendment if "it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). The party seeking withdrawal of its admissions bears the burden of satisfying the first prong of the test. *See, e.g., McCurry v. Bank of Am., N.A.*, 2017 WL 2259979, *6 (D. Nev. May 23, 2017). On the other hand, the party who obtained the admission has the

burden of proving that allowing withdrawal of the admission would prejudice its case. *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir.1995). The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of the truth; rather, it relates to the difficulty a party may face in proving its case, for example by the unavailability of key witnesses in light of the delay. *Id*. at 1349.

### III. Analysis

Allstate has satisfied the first prong of the test under Rule 36(b) by demonstrating that allowing amendment of the admission would promote the presentation of the merits of the action. The confusion over who and for what purpose J&J Contracting was retained is important to the merits of the case. J&J Contracting was the first to assert that the damage to the Property was caused by storm winds that would be covered by the Allstate policy. While a jury will decide the weight to give testimony regarding causation of damage, that weight will be affected directly by evidence surrounding who was retained by the insurance company and who was retained by the homeowner. The parties acknowledge the shifting evidence, Plaintiffs even originally alleging in their initial complaint that they retained J&J. Therefore, the first prong of Rule 36(b) is satisfied.

Further, at the hearing on this motion, Plaintiffs admitted that they would only be prejudiced if they were not allowed to question witnesses about this shift in evidence at trial. Even during discovery, the parties questioned the relevant witnesses, particularly Plaintiff Michael Minden, Adam Chavez of Allstate, and Daniel Merritt of J&J, about this issue. Therefore, Plaintiffs have not met their burden in proving prejudice to their case if the Court allows amendment of the admission Thus, the Court grants the motion to amend admissions.

### IV. Conclusion

IT IS HEREBY ORDERED that Defendant's Amended Motion to Amend Defendant's Response to Plaintiff's First Set of Requests for Admissions, ECF No. 59, is **GRANTED**.

DATED: July 24, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE