UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL MINDEN and THERESA MINDEN,<br><br>　　　Plaintiffs<br><br>v.<br><br>ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>　　　Defendant | Case No.: 2:21-cv-00151-APG-BNW<br><br>**Order on Plaintiffs' Motions in Limine**<br><br>[ECF Nos. 137, 139] |

**I. Motion in Limine to Exclude Wind Machine Video (ECF No. 137)**

The plaintiffs move to preclude defendant Allstate Property and Casualty Insurance Company's expert, Timothy Marshall, from referring to or showing a wind machine video or any other documents or reports that Marshall referenced in his deposition but that Allstate did not produce in discovery. Specifically, the plaintiffs seek to preclude (1) a video taken at Marshall's laboratory that shows a wind machine demonstrating how wind reacts with roof tiles, (2) roofing reconnaissance reports, and (3) photographs Marshall took but did not include in his report.

Allstate responds that it "has not evinced an intent to use a video, some purportedly additional photographs, and hurricane reports that one of its experts happened to reference in his deposition testimony almost two years ago." ECF No. 160 at 2. Allstate argues that the plaintiffs have not sufficiently shown that Allstate failed to meet its discovery obligations in response to a request for production almost two years ago. Allstate contends that if the plaintiffs wanted to use these items, they had ample opportunity to file a motion to compel but did not.

It is unclear why this motion was not resolved if the parties engaged in a proper meet and confer. Allstate has no intention of introducing any of the identified materials and the only sanction the plaintiffs request is precluding that evidence at trial. I deny this motion as moot.

**II. Motion in Limine to Exclude Argument and Evidence that the Roof Was Not Damaged (ECF No. 139)**

The plaintiffs move to preclude Allstate from arguing or submitting evidence that the Mindens' roof was not damaged by wind because Allstate agreed to cover eight roof tiles. The plaintiffs argue the dispute thus is the extent of wind damage, not whether the roof was damaged by wind. The plaintiffs contend that Allstate thus should not be able to elicit evidence, including from its experts, that the roof was not damaged by wind at all. According to the plaintiffs, this evidence should be excluded under Federal Rule of Evidence 403 because it would be unfairly prejudicial, confuse the issues, and mislead the jury.

Allstate responds that because the plaintiffs have placed Allstate's claim handling at issue, all its claim file documents are relevant and probative. Additionally, Allstate argues that Allstate should not be precluded from showing that it had a reasonable basis for its claims decisions. Allstate contends that the plaintiffs have not identified what is unfairly prejudicial about the evidence the plaintiffs seek to exclude.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence generally is admissible unless otherwise prohibited, while irrelevant evidence is inadmissible. Fed. R. Evid. 402. I may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The plaintiffs have not shown that the evidence is irrelevant or unfairly prejudicial. Whether and to what extent the roof was damaged by wind is a critical issue in the case. The plaintiffs have not shown that expert testimony that no wind damage occurred is unfairly prejudicial, much less that any unfair prejudice substantially outweighs the probative value of that testimony. The plaintiffs can question Allstate's witnesses about the fact that Allstate initially agreed to cover eight tiles as wind damaged and the jury can decide what weight to give that evidence and the expert testimony. I therefore deny the plaintiffs' motion.

## III. Conclusion

I THEREFORE ORDER that the plaintiffs' motion in limine to exclude wind machine video **(ECF No. 137) is DENIED as moot**.

I FURTHER ORDER that the plaintiffs' motion in limine to exclude argument and evidence that the roof was not damaged (**ECF No. 139) is DENIED**.

DATED this 5th day of June, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE