# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL MINDEN and THERESA MINDEN, | Case No.: 2:21-cv-00151-APG-BNW |
| Plaintiffs | **Order on Allstate's Motions in Limine** |
| v. | [ECF Nos. 131, 132, 134, 135, 136, 141] |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, | |
| Defendant | |

## I. Motion in Limine to Preclude Per Diem Calculation of General Damages (ECF No. 131)

Defendant Allstate Property and Casualty Insurance Company moves to preclude plaintiffs Michael Minden and Theresa Minden from asking the jury to award damages based on a per diem amount or some other mathematical calculation for pain and suffering. Allstate contends that by making a per diem argument, the plaintiffs would improperly make a small daily amount of damages sound reasonable and capable of being determined with certainty, but noneconomic damages are not capable of mathematical precision. Allstate also contends that this type of argument results in astronomical damage awards when multiplied over time.

The plaintiffs respond that Allstate does not cite any controlling authority in support of its motion. The plaintiffs assert that the Supreme Court of Nevada has allowed this type of argument, as have federal courts, so long as the trial judge gives a cautionary instruction that it is not evidence and is merely counsel's thoughts on what a proper damages award should be.

The propriety of attorney argument during closing is a procedural question governed by federal law. *See, e.g.*, *Showan v. Pressdee*, 922 F.3d 1211, 1220 (11th Cir. 2019). Nothing in the federal rules prohibits this type of argument. Federal courts generally allow it with cautionary

1   instructions that noneconomic damages cannot be reduced to a precise mathematical calculation

2   and a proposed measure of damages based on a unit-of-time rate is merely a form of argument

3   that the jury is free to reject in its deliberations.[1]  To the extent Nevada law informs the issue in

4   this diversity case, the Supreme Court of Nevada has reached a similar conclusion. *See Johnson*

5   *v. Brown*, 345 P.2d 754, 759 (Nev. 1959) (holding that whether to allow counsel to argue a

6   mathematical calculation for pain and suffering lies within the trial judge's discretion but if

7   allowed, then the court should instruct the jury that "the suggestions of counsel are not to be

8   taken as evidence but are merely the thoughts of counsel as to what would be proper damages to

9   award for this item").  I have previously allowed counsel to argue for a specific amount of

10

11

12  [1] *See, e.g.*, *Showan*, 922 F.3d at 1220 (stating that the district court erred when it ruled that a "unit-of-time argument was not allowable under the law" (internal quotation marks omitted));

13  *Vanskike v. ACF Indus., Inc.*, 665 F.2d 188, 211 (8th Cir. 1981) (allowing unit-of-time arguments but stating the "jury should be cautioned that references to per diem damages in

14  closing arguments are not evidence, but merely a form of argument, and that pain and suffering cannot be reduced to a precise arithmetic calculation"); *Murphy v. Nat'l R. R. Passenger Corp.*,

15  547 F.2d 816, 818 (4th Cir. 1977) (allowing the argument but stating the trial judge "should caution the jury that the dollar figures mentioned by counsel do not constitute evidence but

16  merely represent argument which the jury may disregard in its deliberations"); *Mileski v. Long Island R. Co.*, 499 F.2d 1169, 1174 (2d Cir. 1974) (declining to prohibit the argument but stating

17  the trial judge should "specifically caution the jury that the dollar figures advanced by counsel do not constitute evidence but merely represent argument which the jury is free to disregard in its

18  deliberations"); *Waldron v. Hardwick*, 406 F.2d 86, 89 (7th Cir. 1969) (leaving the matter to the trial judge's discretion and suggesting cautionary instructions); *Baron Tube Co. v. Transp. Ins.*

19  *Co.*, 365 F.2d 858, 865 (5th Cir. 1966) (allowing such argument where the trial judges "make[s] it clear to the jury that the unit of time argument is merely a method of presenting contentions,

20  and is not to be considered as evidence").  *But see Rodriguez v. Senor Frog's de la Isla, Inc.*, 642 F.3d 28, 37 & n.3 (1st Cir. 2011) (precluding the argument but acknowledging that almost all

21  other circuits allow it); *Waldorf v. Shuta*, 896 F.2d 723, 744 (3d Cir. 1990) (holding that counsel may not request any specific dollar amount for pain and suffering).  The Ninth Circuit has not

22  directly addressed the issue.  However, in an unpublished case, it held that where the defendant did not timely object, any error in not giving a more robust cautionary instruction beyond telling

23  the jury that counsel's arguments were not evidence and the jury must base its verdict on evidence was harmless. *Matos v. Chloe Z Fishing Co.*, No. 96-17278, 129 F.3d 126, 1997 WL 702919, at *1 (9th Cir. 1997).

noneconomic damages with cautionary language. *Aidini v. Costco*, 2:15-cv-00505-APG-GWF, ECF No. 85 at 2 (D. Nev. April 10, 2017).

I follow the great weight of authority and allow the plaintiffs (and Allstate if it chooses) to make unit-of-time arguments regarding noneconomic damages. However, I will instruct the jury that attorney argument offering a calculation of noneconomic damages is not evidence, but simply argument that the jury is free to accept or reject. I will also advise the jury that noneconomic damages are not dictated by legal precedent or a mathematical formula, but rather the jury must use its own estimates and reasoning to reach a figure appropriate to the specific case. If the plaintiffs (or Allstate) intend to make this type of argument, then the parties must confer and propose an instruction along with their other proposed jury instructions. I therefore deny Allstate's motion to preclude this argument.

**II.  Motion in Limine to Preclude "Mayhem" Commercials (ECF No. 132)**

Allstate moves to preclude the plaintiffs from presenting to the jury Allstate's commercials or print ads that depict "Mayhem" as a human in a variety of scenarios. Allstate contends its advertising is not relevant to the facts of this case under Federal Rule of Evidence 402 and is unfairly prejudicial under Rule 403. The plaintiffs respond that Allstate spends millions of dollars advertising its business and telling customers that they are in good hands with Allstate and Allstate will protect them from mayhem. The plaintiffs argue they should be able to show these commercials because it goes to an insured's expectations that Allstate will act in good faith.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence generally is admissible unless otherwise prohibited, while

1  irrelevant evidence is inadmissible. Fed. R. Evid. 402.  I may exclude relevant evidence "if its

2  probative value is substantially outweighed by a danger of one or more of the following: unfair

3  prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

4  presenting cumulative evidence." Fed. R. Evid. 403.

5      I grant Allstate's motion because its commercials are irrelevant to the issues in this case.

6  Even if they had minimal relevance, that is substantially outweighed by the risk of unfair

7  prejudice, confusing the issues, and misleading the jury.  The question in this case is not whether

8  Allstate generally protects against "mayhem," or its insureds are generally "in good hands."

9  Rather, the jury is tasked with determining whether Allstate breached the insurance contract and

10  engaged in bad faith when it denied or delayed payment under the particular facts and

11  circumstances of this case. *See* ECF No. 98 (summary judgment order).  I therefore grant

12  Allstate's motion and preclude the plaintiffs from presenting evidence of Allstate's commercials

13  or print advertising.

14  **III.  Motion in Limine Regarding Allstate's Claims Handling (ECF No. 134)**

15      Allstate moves to preclude the plaintiffs from presenting evidence or arguing that

16  Allstate's claims handling fell below the applicable standard of care because Allstate's expert

17  opines that it did not, and the plaintiffs have no expert on this issue.  The plaintiffs respond that

18  Allstate cites no law in support of its motion.  They contend that courts do not require an expert

19  to establish insurer bad faith or improper claims handling practices.  According to the plaintiffs,

20  they have sufficient other evidence of Allstate's breach of contract and bad faith such that no

21  expert is required.

22      Allstate cites no authority for the proposition that an insured must have an expert to

23  establish a breach of contract or bad faith claim.  The Supreme Court of Nevada has rejected the

1   proposition that an expert is required to prove bad faith. *See Allstate Ins. Co. v. Miller*, 212 P.3d

2   318, 334 n.5 (Nev. 2009) (en banc) ("Allstate also raises other issues, including whether Miller

3   was required to present an expert witness to meet his burden of proof . . . .   We conclude that

4   each of these issues is without merit.").   Judges in this district and elsewhere have also held an

5   expert is not necessarily required to establish bad faith. *See Tracey v. Am. Fam. Mut. Ins. Co.*,

6   No. 2:09-cv-01257-GMN-PAL, 2010 WL 3724896, at *4 (D. Nev. Sept. 17, 2010) (gathering

7   cases).   "When an insurer's alleged breach of its duty of good faith and fair dealing toward its

8   insured involves facts and circumstances within the common knowledge or ordinary experience

9   of the average juror, the insured need not produce expert testimony to establish a bad faith

10  claim." *Id.*   "Only if the court finds that [the] alleged breach involves unusually complex or

11  esoteric matters beyond [the] ken of the average juror, should the court require the insured to

12  produce expert testimony to establish [a] prima facie case for bad faith." *Id.*

13      Allstate has not pointed to any particular complexity or explained how the alleged

14  breaches in this case are outside the average juror's understanding.   The plaintiffs have presented

15  sufficient evidence of bad faith for this matter to proceed to trial. *See* ECF No. 98 at 4-5.   I

16  therefore deny Allstate's motion.

17  **IV.  Motion in Limine Regarding Allstate Hiring J&J Contracting (ECF No. 135)**

18      Allstate moves to preclude any evidence or argument that it retained Daniel Merritt of

19  J&J Contracting because, although Allstate initially admitted that it hired J&J, Magistrate Judge

20  Weksler granted Allstate's motion to amend that response.   Allstate contends that at his

21  deposition, Merritt testified that Michael Minden, not Allstate, hired J&J.

22      The plaintiffs respond that although Judge Weksler allowed Allstate to amend its

23  admissions, she noted there was "shifting evidence" on the issue of who hired J&J and she

1  agreed that the plaintiffs' counsel could question Allstate witnesses on Allstate's initial

2  admission that it had hired J&J.  The plaintiffs contend that Merritt later corrected his testimony

3  and stated he was not sure who had hired J&J.  The plaintiffs thus assert that this is a jury

4  question.

5        Although Allstate initially admitted it hired J&J, Judge Weksler granted Allstate's motion

6  to amend that admission. ECF No. 95.  In doing so, Judge Weksler noted that because J&J was

7  the first to assert that wind damaged the Mindens' roof and so would be covered by Allstate's

8  policy, who retained J&J and for what purpose "is important to the merits of the case." *Id.* at 2.

9  Judge Weksler noted that the parties "acknowledge the shifting evidence" on this point. *Id.*  And

10 she concluded the plaintiffs would not be prejudiced by allowing amendment to the admission

11 because the plaintiffs "admitted that they would only be prejudiced if they were not allowed to

12 question witnesses about this shift in evidence at trial." *Id.*

13       Merritt stated at his deposition that the initial call was made by Michael Minden. ECF

14 No. 162 at 83, 87.  But later in his deposition, Merritt equivocated and stated that he was not

15 certain if Allstate or Minden called the office first. *Id.* at 107-10.  Allstate's claims notes suggest

16 that its claims adjuster may have first called J&J. ECF No. 163 at 53.

17       The evidence about who retained Merritt and J&J is unclear, so this is a question for the

18 jury to resolve.  Moreover, part of the reason Judge Weksler allowed Allstate to amend its

19 admission was a lack of prejudice to the plaintiffs if they could question witnesses at trial about

20 the shifting evidence on this issue.  To preclude the plaintiffs from being allowed to do so now

21 would undermine Judge Weksler's reasoning and unfairly prejudice the plaintiffs.  I therefore

22 deny Allstate's motion.

23 ////

**V.  Motion in Limine to Preclude Reptile Theory Arguments (ECF No. 136)**

Allstate moves to preclude the plaintiffs from making arguments "designed to play on the jurors' fears and sympathies, also known as 'Reptile Theory' tactics." ECF No. 136 at 2. Allstate contends these tactics are an end run around "Golden Rule" type arguments. *Id.* at 2-3. Allstate contends that examples of this impermissible argument would be "asking the jury to consider what standard of conduct society should expect from underinsured motorist insurance carriers as a whole and how society expects underinsured motorist claimants to be treated by their insurer." *Id.* at 6.  It also contends the plaintiffs should not be allowed to ask jurors to imagine how they would feel if their insurer refused to pay for expenses or stating that if Allstate can get away with its conduct in this case, "there is no telling who will be next." *Id.* at 7. Allstate also gives various examples of questions that might be asked during voir dire and closing argument that supposedly invoke the reptile theory. *Id.* at 7-9.  Allstate seeks to exclude this type of argument as irrelevant and unfairly prejudicial.  Allstate acknowledges that I have previously denied a reptile theory motion in limine in *Aidini*, but it contends that it has sufficiently identified the types of arguments that it believes are improper.

The plaintiffs respond that courts routinely reject this type of motion because the arguments about reptile theory are vague, overbroad, and because the motion does not specify what evidence or argument would be objectionable.  The plaintiffs also argue I have previously denied similar motions in limine and I should do the same here.

I have previously denied similar motions as too vague and broad. *See Rosas v. GEICO Cas. Co.*, No. 2:18-cv-01200-APG-NJK, 2022 WL 2439575, at *1 (D. Nev. Jan. 26, 2022); *Aidini v. Costco Wholesale Corp.*, No. 2:15-cv-00505-APG-GWF, 2017 WL 10775082, at *1 (D. Nev. Apr. 12, 2017).  Although Allstate gives examples of the types of arguments it seeks to

preclude, as I stated in *Rosas*, "[t]he universe of objectionable phrasings is expansive, and I will not now endeavor to decide matters that require the benefit of verbatim analysis and context to be properly considered. . . .  Trial objections are the best-suited means by which [Allstate] may address its concerns, and at trial I will enforce the Federal Rules of Evidence, as I must." 2022 WL 2439575, at *1.  Consequently, I deny Allstate's motion without prejudice to it objecting to particular arguments or statements at trial.

**VI.  Motion in Limine to Preclude Unsupported Categories of Damages (ECF No. 141)**

Allstate moves to exclude two categories of damages that it contends are unsupported. First, it argues that the plaintiffs cannot seek both damages under the policy and the return of premiums they paid for the policy.  The plaintiffs agree. ECF No. 157 at 3-4 n.1.  I therefore grant this portion of Allstate's motion.

Second, Allstate argues that the plaintiffs cannot present evidence of a diminution in value of their home or that they lost profits because they were unable to sell their home.  Allstate contends that although a property owner generally can testify to a property's value, the plaintiffs have not provided any methodology for how they arrived at their figures.  Allstate contends that to the extent this evidence is based on matters not within a layperson's knowledge, an expert is required.

The plaintiffs respond that under Nevada law, homeowners can testify about the value of their home and the diminution of such value.  The plaintiffs assert that they have produced documents and will testify about the research they conducted to support their valuation, and Allstate can cross-examine them on their testimony.

"A party to a lawsuit may testify as to the value of her personal or real property when that value is an issue in the case, and expert testimony is not required." *Dugan v. Gotsopoulos*, 22

1  P.3d 205, 207 (Nev. 2001); *see also Stephans v. State*, 262 P.3d 727, 731 (Nev. 2011); *Lucini-*

2  *Parish Ins., Inc. v. Buck*, 836 P.2d 627, 630 (Nev. 1992).  The theory behind this rule is that by

3  virtue of ownership, the property owner "is presumed to have special knowledge of the property

4  and may testify as to its value." *City of Elko v. Zillich*, 683 P.2d 5, 8 (Nev. 1984).  That may

5  include testimony about a decrease in value caused by conditions on the property. *See Laurrance*

6  *v. Deutsche Bank Nat. Tr. Co. ex rel. Am. Home Mortg. Assets Tr. 2006-5*, No. 3:13-cv-0694-

7  LRH-WGC, 2015 WL 5521879, at *1-3 (D. Nev. Sept. 18, 2015) (permitting a property owner to

8  testify about the decrease in his home value after he discovered previously undisclosed high

9  pressure gas transmission pipelines beneath his property).  "The question of the landowner's

10  competency to form an opinion of the [property's] value may be exposed on cross examination

11  and affects the weight to be given to the testimony, not its admissibility." *City of Elko*, 683 P.2d

12  at 8.  The jury thus "may consider this testimony for its weight in conjunction with other

13  evidence of value." *Dugan*, 22 P.3d at 207.

14       Because a property owner may testify as to his or her property's value, including alleged

15  diminution in value, I deny Allstate's motion.  Allstate can cross-examine the plaintiffs regarding

16  their valuation and how the plaintiffs arrived at that number.  The jury may consider that

17  testimony along with all the other evidence and is free to accept or reject it.

18  **VII.  Conclusion**

19       I THEREFORE ORDER that defendant Allstate Property and Casualty Insurance

20  Company's motion in limine to preclude per diem calculation of general damages **(ECF No.**

21  **131) is DENIED**.

22       I FURTHER ORDER that defendant Allstate Property and Casualty Insurance

23  Company's motion in limine to preclude "mayhem" commercials **(ECF No. 132) is GRANTED**.

1    I FURTHER ORDER that defendant Allstate Property and Casualty Insurance

2 Company's motion in limine regarding Allstate's claims handling **(ECF No. 134) is DENIED**.

3    I FURTHER ORDER that defendant Allstate Property and Casualty Insurance

4 Company's motion in limine regarding Allstate hiring J&J Contracting **(ECF No. 135) is**

5 **DENIED**.

6    I FURTHER ORDER that defendant Allstate Property and Casualty Insurance

7 Company's motion in limine to preclude reptile theory arguments **(ECF No. 136) is DENIED**.

8    I FURTHER ORDER that defendant Allstate Property and Casualty Insurance

9 Company's motion in limine to preclude unsupported categories of damages **(ECF No. 141) is**

10 **GRANTED in part**.  The motion is granted as to the plaintiffs' request for reimbursement of the

11 premiums they paid for the policy.  The motion is denied as to the plaintiffs' testimony about

12 their valuation of their property.

13    DATED this 5th day of June, 2024.

14

15    _____

16    ANDREW P. GORDON
     UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23