UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| MICHAEL MINDEN and THERESA MINDEN, | Case No.: 2:21-cv-00151-APG-BNW |
|---|---|
| Plaintiffs | **Order Denying Plaintiffs' Motion in Limine** |
| v. | [ECF No. 138] |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, | |
| Defendant | |

The plaintiffs move to exclude one of Allstate's wind and roof damage experts, Timothy Marshall, from testifying under the *Daubert*[1] test. They argue that Marshall should be excluded because he reached his conclusion that no wind damage occurred to the Mindens' roof based on an inspection, review of submitted photographs, and weather information, but he did not test the roof tiles in a wind machine and did not perform wind pressure calculations. They also argue that Marshall is biased because he "discarded" a specific wind speed data point in concluding that the winds on September 1, 2019, were not unprecedented.

Allstate responds that the plaintiffs' criticisms of Marshall go to credibility and are not grounds to preclude him from testifying. Allstate contends that Marshall is highly qualified in this field and therefore has sufficient foundation to reach his conclusions. It also argues that the plaintiffs have not shown that testing using a wind machine is necessary to reach a reliable conclusion as to wind damage. Finally, Allstate contends that the plaintiffs have not stated grounds to exclude Marshall based on bias.

---

[1] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

I deny the motion because the arguments the plaintiffs raise are matters for cross examination and are not bases to exclude Marshall from testifying.

## I. LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of Platt's opinions. Under Rule 702, a witness "who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if . . . :

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

To be admissible, expert testimony thus must be both relevant and reliable. "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010), *as amended* (Apr. 27, 2010). Where there is a sufficient foundation for the testimony, it is up to the jury to evaluate the expert's credibility. *Id.* at 565-66.

"Under *Daubert* . . . the court must assess an expert's reasoning or methodology, using as appropriate such criteria as testability, publication in peer reviewed literature, and general acceptance, but the inquiry is a flexible one." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013) (simplified). "[T]he test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology." *Primiano*, 598 F.3d at 564 (simplified). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Id.*

## II. DISCUSSION

The plaintiffs do not argue that inspecting the roof, viewing photographs, and reviewing weather data are unreliable methods in making a conclusion about wind damage. Rather, they argue that Marshall's conclusion about lack of wind damage is "inaccurate." ECF No. 138 at 9. I do not determine the accuracy of an expert's conclusions, but rather the methodology he used in reaching them. The plaintiffs do not give any reasons why the methods Marshall used are unreliable. Indeed, their own wind and roof damage expert, Marcor Platt, also inspected the roof, viewed photographs, and reviewed weather data. *See* ECF 103-1 at 4, 8.

The gist of the plaintiffs' argument is that Marshall's methodology is not reliable because he chose not to do a wind machine test or wind pressure calculations. However, they do not show that such tests or calculations are regularly done, much less required, by others in the industry. Moreover, Marshall has knowledge and experience in the relevant discipline. *See* ECF No. 138-1 at 4-7 (Marshall's CV). He explained that he chose not to conduct the wind machine tests or make wind pressure calculations because it was unnecessary to do so as he had already concluded that there was no wind damage. ECF No. 138-2 at 13, 25. His reasoning was based on his inspection of the roof, review of photographs and weather research, and application of his knowledge and experience about wind damage to roofs. *See, e.g., id.* at 11-12. The plaintiffs have not shown that Marshall's methodology is unreliable.

Lastly, the plaintiffs argue that the exclusion of one wind data point shows that Marshall is biased. They do not provide any authority to explain why the exclusion of one data point makes Marshall's methodology unreliable or shows that he is biased. The plaintiffs can explore Marshall's failure to include that data point on cross examination.

### III. CONCLUSION

I THEREFORE ORDER that the plaintiffs' motions in limine to exclude Allstate's expert Timothy Marshall **(ECF No. 138) is DENIED**.

DATED this 11th day of June, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE